United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Local 234 of the International Brotherhood of Electrical Workers, AFL-CIO, et al., <br><br> Plaintiffs, <br> v. <br><br> Villa Electric, Inc., et al., <br><br> Defendants. _____/ | NO. C 07-06170 JW <br><br> **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

## I.  INTRODUCTION

Plaintiffs[1] bring this action against Villa Electric, Inc. ("Villa Electric") and Lazaro Lee Villa ("Villa") (collectively, "Defendants") for alleged breach of contract and violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132, 1145, and the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185.

Presently before the Court is Plaintiffs' Motion for Default Judgment.[2] The Court conducted a hearing on April 7, 2008. Since neither party appeared at the hearing, the Court took the matter

---

[1] Plaintiffs are Local 234 of the International Brotherhood of Electrical Workers, AFL-CIO ("IBEW 234"); International Brotherhood of Electrical Workers' Union, Local 234 Educational and Training Fund ("IBEW 234 Training Fund"); Electrical Workers Health & Welfare Trust Fund; International Brotherhood of Electrical Workers District 9 Pension Plan ("IBEW Pension Plan"); and Ken Scherpinski.

[2] (Memorandum of Points and Authorities in Support of Motion for Default Judgment Against Defendants Villa Electric, Inc. and Lazaro Lee Villa, hereafter, "Motion," Docket Item No. 10.)

under submission without oral argument.  See Civ. L. R. 7-1(b).  Based on the papers submitted to date, the Court GRANTS Plaintiffs' motion for default judgment.

## II.  BACKGROUND

In a Complaint filed on December 5, 2007, Plaintiffs allege as follows:

> Plaintiffs IBEW 234, IBEW 234 Training Fund, Electrical Workers Health & Welfare Trust Fund, and IBEW Pension Plan (collectively, the "Trusts") are multi-employer benefit plans, as defined under ERISA, and each is a joint trusteed employee benefit trust, as defined under the LMRA.[3]  Employers make contributions to the Trusts in accordance with the requirements of their collective bargaining agreement ("CBA") with IBEW 234.  (Id.)  Plaintiff Electrical Workers Health & Welfare Trust Fund is the authorized collection agent for each of the Trusts.  (Id.)  Plaintiff Ken Sherpinski is a trustee of each of the Trusts and the Business Manager of IBEW 234.  (Id. ¶ 4.)

> Defendant Villa Electric is a California corporation based in Monterey, California and has agreed to be bound to the terms and conditions of a CBA with IBEW 234.  (Id. ¶¶ 5, 8.)  Defendant Villa is the CEO of Villa Electric.  (Id. ¶ 6.)

> The CBA requires Villa Electric to submit monthly transmittals of hours worked by covered employees and to make monthly contributions to the Trusts based on the reported hours worked by covered employees.  (Id. ¶ 5.)  The CBA also requires Villa Electric to be bound to the applicable trust agreements ("Trust Agreements").  (Id.)  Villa Electric has repeatedly underpaid or not paid its contributions to the Trusts as required under the CBA and the Trust Agreements.  (Id. ¶ 10.)

> On April 10, 2007, the parties entered into a settlement agreement to resolve Villa Electric's prior failure to pay $9,692.49 into the Trusts for the period of August 4, 2005 through and including December 31, 2006.[4]  The Settlement Agreement specified that Villa

---

[3] (Complaint & Request for Jury Trial ¶ 3, hereafter, "Complaint," Docket Item No. 1.)

[4] (Complaint, Ex. C, hereafter, "Settlement Agreement.")

2

Electric would make monthly payments of no less than $1,000.00 for a period of nine months, for a total of $9,000.00. Plaintiffs agreed to waive the remaining balance of $692.49, plus any additional interest, if the $1,000 monthly payments were received on time. (Id. ¶ 7.) Villa agreed to be held personally liable for the actions of Villa Electric with respect to any breaches of the Settlement Agreement. (Id. ¶ 6.) Defendants failed to make payments as agreed to in the Settlement Agreement. (Id. ¶ 10.)

On the basis of the allegations outlined above, Plaintiffs allege three causes of action: 1) failure to fulfill the requirements of the Collective Bargaining Agreement and Trust Agreements in violation of ERISA, 29 U.S.C. §§ 1132, 1145; 2) violation of the Labor-Management Relations Act, 29 U.S.C. § 185; and 3) breach of contract pursuant to the Settlement Agreement.

Defendants were served with the Summons and Complaint on December 19, 2007. (See Docket Item Nos. 4, 5.) Defendants did not answer. Upon Plaintiffs' motion, the Clerk entered default on February 6, 2008. (See Docket Item No. 8.) Presently before the Court is Plaintiffs' Motion for Default Judgment.

### III.  STANDARDS

A party may move the court for entry of default judgment. Fed. R. Civ. P. 55(b)(2). The grant of a default judgment is within the discretion of the district court. Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986). Upon entry of default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. Gedes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977).

In the Ninth Circuit, the district court must consider which of seven factors supports the entry of a default judgment: (1) the merits of plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) the sum of money at stake in the action; (4) the possibility of a dispute concerning material facts; (5) whether the default was due to excusable neglect; (6) the possibility of prejudice to the plaintiff; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

3

## IV. DISCUSSION

The Court proceeds to consider whether default judgment is appropriate under Eitel.

### A. Default Judgment

The decision to grant or deny a default judgment under Rule 55(b) is within the discretion of the Court. See Eitel, 782 F.2d at 1471-72.

In this case, the Eitel factors weigh in favor of granting default judgment. First, in alleging violations of ERISA, the LMRA, and breach of the Settlement Agreement reached between the parties, Plaintiffs have sufficiently stated three causes of action upon which relief may be granted. Denying default judgment would greatly prejudice Plaintiffs by depriving them of their legal remedy of enforcing the settlement. Second, Plaintiffs' attorney made numerous efforts to contact Defendants to enforce the Settlement Agreement.[5] Defendants were served with the Summons and Complaint. Thus, there is little likelihood of excusable neglect. Third, Defendants agreed to the Settlement Agreement but only made two of the required monthly payments.[6] Thus, it likely that Plaintiffs' claims are meritorious. Fourth, upon entry of default, all well-pleaded facts are taken as true. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Thus, there is no possibility of a dispute over material facts. Finally, the sum of money at stake is ascertainable because Plaintiffs are seeking to enforce a partially satisfied Settlement Agreement which already liquidated the damages.

Accordingly, the Court finds that a grant of default judgment is appropriate. The Court proceeds to consider the available remedies.

### B. Remedies

In a default judgment, a court may only award damages up to the amount prayed for by the plaintiff in the complaint. Fed. R. Civ. P. 54(c). However, allegations as to the amount of damages

---

[5] (Declaration of Scott M. De Nardo in Support of Motion for Default Judgment, Exs. A-E, hereafter, "De Nardo Decl.," Docket Item No. 11.)

[6] The first payment made was around April 10, 2007 and the second payment was made around September 28, 2007. (De Nardo Decl., Exs. B, D.)

4

are not automatically accepted as true. See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Plaintiff bears the burden of proving its actual damages with reasonable certainty. See Lindy Pen Co. v. Bic Pen Corp., 982 F.2d 1400, 1408 (9th Cir. 1993). The Supreme Court has held that "[d]amages are not rendered uncertain because they cannot be calculated with absolute exactness." Eastman Kodak Co. v. S. Photo Materials Co., 273 U.S. 359, 379 (1927). Nevertheless, a reasonable basis for computation must exist. Id.

In an ERISA action, a plaintiff may recover the unpaid contributions, interest on the unpaid contributions, reasonable attorney fees, and costs of the action. 28 U.S.C. § 1132(g)(2). In this case, the parties entered into a Settlement Agreement detailing the amount of contributions in arrears and a payment plan to satisfy the debt. (Settlement Agreement ¶ 2.) Defendants originally agreed that they owed $8,692.49 in principal and liquidated damages, as well as $1,000 in interest, attorney fees, and costs associated with the period from August 4, 2005 through December 31, 2006. (Id.) Defendants only paid $2,000 of this debt. (De Nardo Decl. ¶¶ 2-6.)[7] Thus, the Court finds that Defendants owe Plaintiffs the uncollected amount of $7,692.49.

The Settlement Agreement also provides that additional attorney fees, costs, and expenses shall be recoverable by the prevailing party if proceedings are required to enforce provisions of the agreement. (Settlement Agreement ¶ 5.) Plaintiffs request $639.75 in costs. (De Nardo Decl. Ex. F.) However, $139.75 of this amount is for unspecified copying costs. The Court lacks sufficient information to determine whether such costs are recoverable under the Local Rules. See Civ. L. R. 54-3(d)(4). The remaining $500 is for the Court's filing fee and for service of process. These costs are recoverable. See Civ. L. R. 54-3(a).

Plaintiffs provide documentation for 5.7 billable hours spent by attorneys in pursuit of this claim. (De Nardo Decl., Ex. F.) In addition, Plaintiffs estimate that an additional twelve hours will be required to research, prepare, and argue this motion. (De Nardo Decl. ¶ 8.) The Court finds that

---

[7] The Complaint requests $8,692.49 in damages. However, the evidence shows that the outstanding amount is actually $7,692.49. (De Nardo Decl. ¶ 2.)

5

the 5.7 hours documented by Plaintiffs were reasonably spent on this litigation. However, the undocumented estimate of twelve hours for time spent on this motion is speculative. Since Plaintiffs did not appear to argue the motion, the Court finds that 4 hours is a reasonable amount of time for the preparation of this unopposed motion for default judgment. The Court also finds that Plaintiffs' requested rate of $195 per hour to be reasonable. Thus, Plaintiffs are entitled to 9.7 hours at $195 per hour for a total of $1,891.50 in attorney fees.

Accordingly, Plaintiffs are entitled to $7,692.49 in damages, $500 in costs, and $1,891.50 in attorney fees.

## V.  CONCLUSION

The Court GRANTS Plaintiffs' motion for default judgment.

Judgment will be entered in favor of Plaintiffs and against Defendants in the amount of $10,083.99.

Dated:  April 23, 2008

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Scott Michael De Nardo sdenardo@neyhartlaw.com

**Dated: April 23, 2008**            **Richard W. Wieking, Clerk**

                                                  **By:  /s/ JW Chambers**
                                                       **Elizabeth Garcia**
                                                       **Courtroom Deputy**